UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER A. WOLFORD,** ) | **CASE NO. 5:16-cv-00998-DAP** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **ORDER ADOPTING REPORT** |
| ) | **AND RECOMMENDATION** |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

**I. Case History**

In March 2013, Christopher Wolford filed applications for supplemental security income and disability insurance benefits, alleging disability beginning in December 2009. Wolford's claims were denied initially and upon reconsideration.

On January 30, 2015, the Administrative Law Judge ("ALJ") issued an opinion unfavorable to Wolford, finding him "not disabled" as to both claims. Decision 12 (Tr. 21), Doc #: 11. On March 3, the Appeals Council denied Wolford's request for review. Notice 1 (Tr. 1).

The above-captioned case was filed on April 26, 2016, and, after the matter was fully briefed, Magistrate Judge Knepp recommended the Court affirm the decision of the

Commissioner. R. & R. 1, 17, Doc #: 17. On July 6, 2017, Wolford filed an Objection. Doc #: 18. The Social Security Commissioner filed a Response on July 19. Doc #: 19. This Order follows.

**II. Legal Standard**

In reviewing a denial of Social Security benefits, the Court's review "is limited to determining whether there is substantial evidence in the record to support the administrative law judge's findings of fact and whether the correct legal standards were applied." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). On judicial review, it is not necessary that the Court agree with the ALJ's finding. *Id.* (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999)). Rather, the ALJ's finding must only be substantially supported by the record. *Id.* "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

When a case is referred to a magistrate judge, under the relevant statute, a plaintiff is entitled to object to the R&R within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1). Generally, the failure to timely file written objections to a magistrate judge's R&R constitutes a waiver of the right to obtain a de novo review of the R&R in the district court and

also results in a waiver of the right to appeal. *See United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). When objections are filed, the district court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and a district court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. Discussion

Because the Social Security Administration Appeals Council denied Wolford's request for review, the ALJ's decision is the final decision of the Commissioner. After a review of the ALJ's decisions and the record, the Magistrate Judge found "the Commissioner's decision denying benefits supported by substantial evidence" and recommended affirmation of the decision. R. & R. 17. Wolford objects:

> The crux of the R&R was its incongruous juxtaposition of the acknowledgement that "Plaintiff is correct [that] the ALJ did not specifically state whether Dr. Vellunki qualified as a treating physician" with the erroneous conclusion that any finding on that point was rendered unnecessary because, purportedly, "the ALJ adequately evaluated the opinion pursuant to the treating physician rule by providing 'good reasons' for providing it 'little weight." PageID No. 1877. This reasoning is irreconcilable with the treating physician rule, and thus erroneous, for several reasons.

Objection 1 (alteration in original). The Court has reviewed the record de novo, and Wolford's Objection is overruled.

Despite Wolford's protestations to the contrary, the label the ALJ gives to Dr. Vellunki is not nearly as important as the content of the analysis. While the ALJ should have specifically stated whether or not Dr. Vellunki was considered a treating physician, the Court can only assume that the ALJ concluded that Dr. Vellunki was a treating physician. If the ALJ had not so concluded, there would have been no need for the ALJ to go into as much detail as to why Dr. Vellunki's conclusions were not supported by the record. In his Report and Recommendation, the Magistrate Judge carefully recounted all the reasons recited by the ALJ in not finding Dr. Vellunki's conclusions supported by the record, accepting most but not all as "good reason" for discounting Dr. Vellunki's opinion and affording it little weight.

The Court now does the same. The ALJ made explicit that he gave "little weight to the medical source statement provided by Dr. Vellunki." Decision 10 (Tr. 19). In the paragraph leading up to this conclusion, the ALJ explained several reasons for discounting Dr. Vellunki's medical source statement. Decision 9–10 (Tr. 18–19). The ALJ took issues with Dr. Vellunki's report of "occasional problems with focusing and maintaining concentration." First, Dr. Vellunki did not indicate that Wolford's medical treatment regime was ineffective or that other treatment was being considered. Second, this comment was inconsistent with Dr. Vellunki's own, as well as other providers', concerns about Wolford's symptoms. *Id.* The ALJ also found Dr. Vellunki's opinion regarding "moderate restriction of his activities of daily living, marked difficulties maintaining social functioning, marked difficulties maintaining concentration, persistence, or page, and 1-2 repeated episodes of decompensation, each of extended duration," unsupported by

treatment notes and unsupported by any documentation of arguments, fights, or other interaction problems. *Id.* Finally, the ALJ noted that "the medical evidence as a whole does not support three or more absences per month as Dr. Vellunki suggested." *Id.* 19. The reasons given by the ALJ are "are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (internal quotation marks omitted). The ALJ properly accorded Dr. Vellunki's statement little weight.

**IV. Conclusion**

Accordingly, the Report and Recommendation, Doc #: 17, is adopted in full. The decision of the ALJ, and by extension the final decision of the Commissioner, is affirmed.

IT IS SO ORDERED.

               */s/ Dan A. Polster  July 24, 2017*
               **DAN AARON POLSTER**
               **UNITED STATES DISTRICT JUDGE**